IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
        Plaintiff,

v.                                      Case No. 17-10021-01-JTM

JOSH S. HEDGES,
        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's Motion for Early Termination of Probation (Dkt. 73). Hedges pled guilty on August 2, 2017 to one count of conspiracy to violate the Lacy Act in violation of 16 U.S.C. § 3372(a)(1) and 3373(d)(1), and one count of violation of the Migratory Bird Treaty Act, 16 U.S.C. § 703(a) and 707(a). (Dkt. 49, 50). He was sentenced pursuant to that plea to five years of unsupervised probation and $15,000 in restitution. (Dkt. 56).

Hedges began serving his unsupervised probation on August 2, 2017, and has now completed 34 months of his 60-month term. According to the United States Probation Office, Hedges has fully satisfied the restitution provision of his sentence. Hedges has not had any violations of his probation and the United States, through Assistant United States Attorney Matthew Treaster, does not object to Hedges' motion. (*See* Dkt. 73).

18 U.S.C. § 3564(c) allows the court, in the case of a felony, to discharge a defendant from probation after the court has considered the factors set forth in 18 U.S.C. § 3553(a), to the extent those factors are applicable, and if the court is satisfied that discharge "is warranted by the conduct of the defendant and in the interest of justice." Fed. R. Crim. P.

32.1(c)(2) indicates that a hearing is not required if the court makes a modification to the terms of probation that is favorable to the defendant and does not extend the term of probation.

Here, the court has considered the applicable factors set forth in 18 U.S.C. § 3553(a) and finds those factors, combined with the defendant's conduct, show that early termination of probation is in the interest of justice. In particular, the court finds that defendant's time served on probation is sufficient, but not greater than necessary given the nature and circumstances of the offense and history and characteristics of the defendant; reflects the seriousness of the offense, promotes respect for the law, and provides just punishment; affords adequate deterrence to criminal conduct; and protects the public from future crimes. The court also finds that defendant has exhibited good conduct while on probation and desires to become positively involved in the community in a more active capacity than would be permitted if he remains on probation.

Based upon the foregoing considerations, the court finds that defendant has shown good cause for his Motion and that the Motion for Early Termination (Dkt. 73) should be GRANTED. Defendant is hereby discharged from all mandatory, standard, and special conditions of supervision of his probation.

IT IS SO ORDERED this 19th day of June, 2020.

/s/J. Thomas Marten
THE HONORABLE J. THOMAS MARTEN
UNITED STATES DISTRICT COURT